IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LEONARD B. WILSON,[1] | § | |
| | § | No. 318, 2021 |
| Respondent Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Family Court |
| | § | of the State of Delaware |
| DIVISION OF CHILD SUPPORT | § | |
| SERVICES / SALLY RIDGEWAY, | § | File No. CS03-07605 |
| | § | Petition No. 21-11097 |
| Petitioners Below, | § | |
| Appellees. | § | |
| | § | |

Submitted: October 22, 2021
Decided: October 28, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After careful consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)  On October 7, 2021, the appellant, Leonard Wilson, filed a notice of appeal from a Family Court order awarding interim child support to the appellee Sally Ridgeway. The order, dated September 8, 2021, was entered by a Family Court Commissioner.

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

(2) On October 8, 2021, the Senior Court Clerk issued a notice directing Wilson to show cause why the appeal should not be dismissed based on this Court's lack of jurisdiction to consider an appeal directly from a Commissioner's order. In response to the notice to show cause, Wilson argues that the Family Court did not have jurisdiction to issue the child support order and that the proceedings in the Family Court violated his constitutional rights. Wilson does not address this Court's lack of jurisdiction to entertain an appeal from a Commissioner's order.

(3) The appellate jurisdiction of this Court over civil proceedings in the Family Court is limited to decisions issued by the judges of the Family Court.[2] Under 10 *Del. C.* § 915(d) and Family Court Civil Rule 53.1(a), a party's right to appeal from a Commissioner's order is to a judge of the Family Court.[3] Whether interim or final, an order issued by a Commissioner is not a final judgment for purposes of appeal to this Court.[4] This Court lacks jurisdiction to consider Wilson's appeal. It must therefore be dismissed.

---

[2] *See* 10 *Del. C.* § 1051(a) ("From any order, ruling, decision or judgment of the [Family] Court in any civil proceeding… there shall be the right of appeal as provided by law to the Supreme Court."); *Redden v. McGill*, 549 A.2d 695, 697-98 (Del. 1988) (holding that the Court's appellate jurisdiction over civil proceedings in the Family Court authorized by the predecessor to Section 1051 "is limited to orders, rulings, decisions or judgments of the judges of [the Family] Court" and does not extend to findings and recommendations made by masters).

[3] *See* 10 Del. C. § 915(d)(1), (2) (governing appeals from final and interim orders issued by commissioners); Del. Fam. Ct. Civ. R. 53.1(a) ("An interim or final order of a commissioner may be appealed to a judge of the [Family] Court….").

[4] *See Redden*, 549 A.2d at 697-98.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice